```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN WILLIAMS                  :    CIVIL ACTION
                               :
          v.                   :
                               :
GSELL MOVING AND STORAGE       :    NO. 08-0066
```

MEMORANDUM AND ORDER

McLaughlin, J.                                       January 31, 2008

      This is negligence action arising from a motor vehicle accident.  It was originally filed in the Court of Common Pleas of Philadelphia County.  The defendant, GSell Moving and Storage ("GSell") filed a timely notice of removal on the basis of diversity jurisdiction.  The plaintiff has now moved to remand on the grounds that GSell has not adequately established that the parties are diverse and has not established that the amount in controversy exceeds $75,000.  For the reasons below, the Court will deny the motion.

      Concerning the parties' citizenship, the notice of removal alleges that the plaintiff, John Williams, is a citizen of Pennsylvania and that the defendant, GSell, is a citizen of New Jersey.  Notice at ¶¶ 3-4.  The plaintiff's complaint alleges that Mr. Williams resides at an address in Sharon Hill,

Pennsylvania, and that GSell is a business entity organized and existing under the laws of New Jersey.[1]

Concerning the amount in controversy, GSell's notice of removal alleges that the amount in controversy, exclusive of interests and costs, exceeds $75,000.  Notice at ¶ 6.  Mr. Williams' complaint alleges that the defendant's negligence caused the plaintiff "to sustain damages which may include serious and permanent bodily injuries" and further alleged that the plaintiff had "in the past required and may in the future continue to require medicines, medical care and attention . . . in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish . . . [and] in the past been and may in the future continue to be disabled from performing his usual duties."  Compl. at ¶ 7.  The complaint seeks damages in excess of the $50,000 state court arbitration limit.  Compl. at p. 3; 42 Pa. Cons. Stat. Ann. § 7361.

The plaintiff seeks remand on two grounds.  First, the plaintiff argues that GSell has not established that he is a citizen of Pennsylvania because the fact of his citizenship was not specifically pled in the complaint.  The only relevant allegation concerned the plaintiff's residence and "[i]t is

---

[1] The Court, sua sponte, directed GSell to provide additional information concerning its own citizenship.  GSell has provided an affidavit from its general manager stating that GSell is an S-corporation created under the laws of New Jersey with a principal place of business in New Jersey.

possible to have several residences but be a citizen of only one state."  Second, the plaintiff argues that GSell has failed to establish the amount in controversy because the plaintiff's complaint alleges only that his damages "'may' include serious and permanent bodily injuries" and that he "'may' in the future continue to suffer agonizing aches, pains and mental anguish."  Pl. Mot. at 2-3 (emphasis in the original).

The plaintiff's arguments are without merit and bespeak a fundamental misunderstanding of the burden of proof in establishing the jurisdictional facts necessary for removal.  In reviewing a motion to remand, "a defendant's notice of removal serves the same functions as the complaint would in a suit filed in federal court."  Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir. 2007) (citing Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006) (internal quotations omitted).  Where a complaint specifically pleads that the amount sought is less than the $75,000 jurisdictional amount then the defendant seeking removal must prove to a legal certainty that the plaintiff can recover that amount.  Id. at 196-97.  Where, as here, the plaintiff has not specifically pled that the amount in controversy is less than $75,000, then the case must be remanded only "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."  Id. (emphasis in the original).

Here, GSell's notice of removal alleges that the plaintiff is a citizen of Pennsylvania.  This allegation is supported by the allegation in the complaint that the plaintiff resides in Sharon Hill.  The plaintiff's motion to remand studiously does not allege that the plaintiff is not a citizen of Pennsylvania, nor does it allege any facts that would place the plaintiff's citizenship at issue.  Similarly, the motion to remand specifically alleges that the amount in controversy is greater than $75,000, and this fact is supported by the allegations of the complaint that, because of GSell's negligence, the plaintiff "in the past required . . . medicines, medical care and attention . . . [and] . . . suffered . . . agonizing aches, pains and mental anguish . . . [and] in the past [has] been . . . disabled from performing his usual duties."  Compl. at ¶ 7.  It is also supported by the complaint's <u>ad damnum</u> clause claiming damages greater than the $50,000 state arbitration limit.[2]

Because the notice of removal and the plaintiff's complaint allege sufficient facts to show diversity between the parties and because it does not "appear to a legal certainty that the plaintiff cannot recover the jurisdictional amount,"

---

[2] In addition, the Court notes that the plaintiff's counsel filed an Arbitration Certificate in this Court on January 30, 2008, stating that "to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000.000 exclusive of interest and costs."

defendant GSell has satisfied its burden of establishing the Court's jurisidiction.  The motion to remand is therefore denied.

       An appropriate Order follows.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN WILLIAMS                   :     CIVIL ACTION
                                :
          v.                    :
                                :
GSELL MOVING AND STORAGE        :     NO. 08-0066
```

ORDER

AND NOW, this 31st day of January, 2008, upon consideration of the plaintiff's Motion to Remand (Docket # 6), and the defendant's opposition thereto, IT IS HEREBY ORDERED that the Motion to Remand is DENIED.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.